UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID K. SMITH, on behalf
of himself and all others
similarly situated, et al.,

       Plaintiffs,

v.   CASE NO.  8:04-CV-459-T-17EAJ

MORGAN TIRE & AUTO,
INC.,

       Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 5   Consent - Gonzalez
Dkt. 6   Motion for Expedited Notice to Prospective
        Class Members Pursuant to 29 U.S.C. Sec. 216(b)
Dkt. 7   Declaration - Calvo
Dkt. 8   Declaration - Adams
Dkt. 9   Memorandum
Dkt. 16  Declaration
Dkt. 17  Consent - Hollis
Dkt. 21  Response
Dkt. 23  Reply
Dkt. 36  Memorandum
Dkt. 39  Supplemental Exhibit - Sierra
Dkt. 41  Supplemental Exhibit - Briscor, Wilks
Dkt. 42  Supplemental Exhibit - Alexander

In this case, Plaintiffs want to proceed as a collective action under the Fair Labor Standards Act of 1938 for unpaid overtime compensation to Store Managers, Assistant Managers, Service Managers and Managers-in-Training of Morgan Tire & Auto, Inc. Morgan Tire & Auto is a nationwide chain of over 400 stores. Plaintiffs have included Notices of Consent to Join of nine claimants, including Plaintiffs.

Case No. 8:04-CV-459-T-17EAJ

I. Plaintiffs' Motion

Plaintiffs move the Court to allow this case to proceed as a collective action pursuant to the Fair Labor Standards Act, and to order that Defendant produce all contact information, including names, addresses, telephone, telefax and pager numbers, and electronic mail addresses, Defendant has for the prospective class members, Defendant's retail managers and assistant managers, since otherwise claims may become time-barred. Plaintiffs contend that the duties of the managers and application of salary deduction/docking policies and practices of Defendant are identical regardless of the specific job title assigned to the employee.

Plaintiffs argue that all Managers and Assistant Managers are classified as exempt "executives" and are subject to the same company-wide policies and practices. Plaintiffs argue that Defendant maintains a company-wide policy of docking its retail store managers and assistant managers due to variances in the quality and quantity of their work, for example, when a customer check is returned unpaid, when a credit card transaction is charged back, or when a credit sale is made to a non-approved or delinquent credit customer. Plaintiffs also allege that Defendant has a policy of making deductions from salaried employees' pay for each day of absence from work resulting from sickness or disability.

Plaintiffs contend that the vast majority of the work performed by Managers is the same type of work that hourly employees do, such as waiting on customers, writing orders, counting inventory, filling out paperwork and performing

2

Case No. 8:04-CV-459-T-17EAJ

administrative jobs also performed by non-exempt employees. Plaintiffs allege that the duties do not require the exercise of independent judgment or discretion. Plaintiffs allege that the Store Managers and Assistant Managers routinely work 80 to 100 hours or more per week without receiving overtime compensation.

Plaintiffs argue that the Court should exercise its discretion to order notice to prospective plaintiffs where plaintiffs establish that they are similarly situated to the putative class, following the two-step approach found in Hipp v Liberty Life Nat'l Ins. Co., 252 F.3d 1208 (11th Cir. 2001). Plaintiffs argue that Plaintiffs have met the burden of showing that the plaintiffs are similarly situated in job duties and/or pay provisions, in accordance with Grayson v. K Mart. Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).

Plaintiffs further argue that Plaintiffs have satisfied the modest factual showing required relative to the "salary basis" test, and Plaintiffs have offered evidence that Defendant routinely generates and disseminates lists of employees whose pay has been docked as a result of a worthless check or failed credit transaction.

Plaintiffs further argues that Plaintiffs have satisfied the modest factual showing required relative to the "duties test." Plaintiffs allege that they and all other Managers and Assistant Managers do not qualify as employees employed in a bona fide executive capacity as defined by 29 U.S.C. Sec. 213(a), and applicable federal regulations.

Case No. 8:04-CV-459-T-17EAJ

Plaintiffs argue that Plaintiffs have identified a prospective class and notice should issue.

II. Defendant's Response

Defendant responds that Plaintiffs have not made a preliminary showing that Defendant has violated the FLSA, that Plaintiffs' claims that Plaintiffs do not perform management functions is wrong and is highly fact specific, and that Plaintiffs' claims that their salary has been subject to reductions for impermissible reasons is not accurate. Defendant argues that Plaintiffs' evidentiary showing does not meet the burden necessary for the Court to authorize a nationwide collective action, taking into account the dislocating effect on the employer, the expense, and considerations of judicial economy.

Defendant argues that the three declarations offered by Plaintiffs are not sufficient, and the named Plaintiffs are inadequate Plaintiffs. Defendant argues that Smith was a Service Manager, Adams was a Store Manager, and Calvo claims to have been both an Assistant Manager and a Store Manager.

Defendant contends that Plaintiffs have not demonstrated a violation of the salary basis test. Defendant provides the Declaration of Susan B. Carroll, V.P. of Communications and Human Resources, that "bad check" deductions, credit card chargebacks, and sales to delinquent or non-approved credit customers are permitted to be deducted only from the Managers' monthly bonus, not salary. Defendant argues that the deductions do not violate the salary basis test. Defendant further argues that Defendant

Case No. 8:04-CV-459-T-17EAJ

has maintained a short term disability plan in which all Managers are eligible to participate.

Defendant further argues that Plaintiffs have not met their burden to demonstrate a violation of the "duties test." Defendant argues that the Managers do not spend a majority of their time engaged in exempt duties. Defendant argues that the Manager's position requires constant supervision of employees, informal corrective action on a continuous basis, troubleshooting and leadership. Defendant argues that, while time may be spent on other work, executive work is still the employee's primary duty. Defendant argues that one factor of "executive employee" status is being in charge of a recognized subdivision of a business, as is being in "sole charge" of a unit of operation.

Defendant further argues that Plaintiffs' proposed notice is improperly broad, and, if issued, should be limited significantly.

III. Supplemental Response

Defendant argues that the Complaint and three supporting affidavits do not meet the applicable standards in the Eleventh Circuit as set forth in Dybach v. State of Florida Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Defendant argues that Plaintiffs have not shown that there are others who desire to opt-in to the proposed collective action, and Plaintiffs have not shown that they are similarly situated to the putative plaintiffs.

Case No. 8:04-CV-459-T-17EAJ

IV. Reply

Plaintiffs argue that based on the factual showing Plaintiffs have made, there is a colorable basis for concluding that Plaintiffs are similarly situated to the putative class of employees they seek to represent. Plaintiffs further argue that Defendant cannot establish the "duties" test because Plaintiffs allege that managerial employees perform the same work as hourly employees. Plaintiffs also argue that Defendant cannot establish the "salary basis" test because there is a company-wide policy and actual practice of docking the class members due to bad checks and for sick days.

V. Discussion

The Court notes that in <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit Court of Appeals identifies the correct approach to certification of Sec. 216(b) opt-in classes:

> "The first determination is made at the so-called "notice stage." At the notice stage the district court makes a decision-usually based only on the pleadings-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in a "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout

discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives ...proceed to trial on their individual claims.

A. Other Opt-In Plaintiffs

The Court notes that there are three individual Plaintiffs in this case, and six additional individuals have consented to join the case (Dkts. 5, 17, 37, 39, 41, 42). The consents do not indicate what capacity in which individual was employed, nor do they indicate the location of employment.

The Court notes that Defendant operates roughly 441 stores in the United States. This case has been pending since 2004. While the Court is at this stage required to apply a lenient standard, based on the number of plaintiffs who have filed consents to join, the Court concludes Plaintiffs have not demonstrated there are other plaintiffs who desire to opt in.

7

Case No. 8:04-CV-459-T-17EAJ

B.  "Similarly Situated" Requirement

When determining if persons are similarly situated under the FLSA, the Eleventh Circuit requires a determination the individuals are "similarly situated" with respect to their job requirements and with regard to their pay provisions. <u>Dybach v. State of Fla. Dept. Of Corrections</u>, 942 F.2d 1562 (11th Cir. 1991). "Plaintiffs need only show that the positions are similar, not identical, to the positions held by the putative class members." <u>Grayson v. K-Mart Corp.</u>, 79 F.3d 1086, 1096 (11th Cir. 1996). At this stage, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan infected by discrimination." <u>Sperling v. Hoffman-La Roche, Inc.</u>, 118 F.R.D. 392, 407 (D.N.J. 1988), <u>aff'd in part and appeal dismissed in part</u>, 862 F.2d 439 (3rd Cir. 1988), <u>aff'd and remanded</u>, <u>Hoffman-La Roche, Inc. V. Sperling</u>, 493 U.S. 165 (1989). The Court's power to authorize notice must be exercised with discretion and only in appropriate cases. See <u>Haynes v. Singer Co., Inc.</u>, 696 F.2d 884 (11th Cir. 1983). A district court should consider certain factors in making the similarly situated determination, including: 1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; 5) the extent to which the actions which constitute the violations claimed by Plaintiffs are similar.

8

Case No. 8:04-CV-459-T-17EAJ

1) Job Title

Smith's title was Service Manager. Calvo's title was Store Manager and Assistant Manager. Adam's title was Store Manager. (Dkt. 6, Exhibits B, C, E). Plaintiffs do not hold the same job title. The individuals who have filed consents to join have not indicated a job title.

2) Location

Smith worked in Knoxville, Tennessee. Calvo worked in Southern Florida and in Tennessee. Adams worked in Tennessee. The individuals who have filed consents reside in Tennessee and Florida.

3) Time Period

Smith worked from August 2001 through May 2003. Calvo worked from early 2000 until July 2002. Adams worked from October 2002 until June 2003. The individuals who have filed consents indicate only that each worked at a retail outlet after July 31, 2000.

4) Policies and Practices

Smith alleges that the majority of his time was spent on non-managerial duties, that he was not paid overtime for working in excess of 40 hours per week, and that the company had a uniform policy of docking pay for bad checks and for sick days. Smith alleges his pay was docked for taking sick days. Plaintiffs Calvo and Adams make the same allegations as to time

Case No. 8:04-CV-459-T-17EAJ

spent on non-managerial duties without payment of overtime, and allege that Plaintiffs know of managers whose pay was docked for bad checks.

All Plaintiffs allege that the company operations are centralized, and policy decisions were made by Defendant's corporate headquarters in Florida.

5) Similarity of Violations

Each Plaintiff alleges that he was named a manager, but spent the majority of his time on non-managerial duties. Each Plaintiff alleges knowledge of other managers whose pay was docked. Only Smith alleges that his own pay was docked on two occasions for absence due to illness. None of the Plaintiffs allege their pay was docked for bad checks.

In this case, Plaintiffs allege two different violations: misclassification, with the corresponding failure to pay overtime due, and improper payroll deductions from salaried employees. The Court notes that the individual Plaintiffs do not all hold the same job title, and that the written job descriptions for each position is different. (Dkt. 21, Exh. B). There is some overlap in the employment terms of Plaintiffs; however, only one Plaintiff alleges he was employed by Defendant in 2000. All Plaintiffs allege the same violations as to the performance of non-managerial duties by those named "managers." Only Plaintiff Smith alleges his own pay was improperly docked.

After consideration of the submissions of Plaintiffs and Defendant, the Court finds that Plaintiffs have not met their

10

Case No. 8:04-CV-459-T-17EAJ

burden of establishing that they are similarly situated with the proposed class Plaintiffs wish to represent. Plaintiffs are seeking to facilitate notice to a nationwide class, but while this case has been pending only a limited number of claimants in Tennessee and Florida have come forward. The Court should exercise its discretion to facilitate notice to potential members of the class only in the appropriate case. This case is not an appropriate case for notice to a nationwide class. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Expedited Notice to Prospective Class Members is **denied.**

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 27th day of March, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record